1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.DIGITAL CORPORATION,<br><br>                Plaintiff,<br><br>vs.<br><br><br><br>CAVALRY STORAGE, INC.,<br><br>                Defendant. | Case Nos.<br>13-cv-2892-H-BGS<br>13-cv-2894-H-BGS<br>13-cv-2896-H-BGS<br>13-cv-2897-H-BGS<br>13-cv-2899-H-BGS<br>13-cv-2901-H-BGS<br>13-cv-2914-H-BGS<br>13-cv-2915-H-BGS<br>13-cv-2916-H-BGS<br>13-cv-2935-H-BGS<br>13-cv-2937-H-BGS<br>13-cv-2938-H-BGS<br>13-cv-2946-H-BGS |
| E.DIGITAL CORPORATION,<br><br>                Plaintiff,<br><br>vs.<br>CENTON ELECTRONICS, INC.,<br><br>                Defendant. | **CONSOLIDATED SCHEDULING ORDER** |
| E.DIGITAL CORPORATION,<br><br>                Plaintiff,<br><br>vs.<br>CORSAIR MEMORY, INC.,<br><br>                Defendant. | |

- 1 -

13cv2892; 13cv2894; 13cv2896; 13cv2897; 13cv2899; 13cv2901;
13cv2914; 13cv2915; 13cv2916; 13cv2935; 13cv2937; 13cv2938;
13cv2946

| | |
|---|---|
| 1 | E.DIGITAL CORPORATION, |
| 2 | Plaintiff, |
| 3 | vs.<br>NEW DANE, d/b/a DANE-ELEC;<br>GIGASTONE CORPORATION; and |
| 4 | DANE ELEC CORP. USA, a/k/a<br>DANE CORP.; |
| 5 | |
| 6 | Defendants. |
|   | E.DIGITAL CORPORATION, |
| 7 | Plaintiff, |
| 8 | vs. |
|   | EYE-FI, INC., |
| 9 | |
|   | Defendant. |
| 10 | E.DIGITAL CORPORATION, |
| 11 | |
|   | Plaintiff, |
| 12 | vs. |
|   | FUSION-IO, INC., |
| 13 | |
|   | Defendant. |
| 14 | E.DIGITAL CORPORATION, |
| 15 | |
|   | Plaintiff, |
| 16 | vs. |
|   | MUSHKIN, INC., |
| 17 | |
|   | Defendant. |
| 18 | E.DIGITAL CORPORATION, |
| 19 | Plaintiff, |
| 20 | vs. |
|   | OTHER WORLD COMPUTING, |
| 21 | INC., |
| 22 | Defendant. |
| 23 | E.DIGITAL CORPORATION, |
| 24 | Plaintiff, |
|   | vs. |
| 25 | PATRIOT MEMORY, LLC, |
| 26 | Defendant. |
| 27 | |
| 28 | |

- 2 -

13cv2892; 13cv2894; 13cv2896; 13cv2897; 13cv2899; 13cv2901;
13cv2914; 13cv2915; 13cv2916; 13cv2935; 13cv2937; 13cv2938;
13cv2946

| | |
|---|---|
| E.DIGITAL CORPORATION, | |
| Plaintiff, | |
| vs. | |
| SILICON POWER COMPUTER & COMMUNICATIONS INC.; and SILICON POWER COMPUTER & COMMUNICATIONS USA, INC.; | |
| Defendants. | |
| E.DIGITAL CORPORATION, | |
| Plaintiff, | |
| vs. | |
| SUPER TALENT TECHNOLOGY CORPORATION, | |
| Defendant. | |
| E.DIGITAL CORPORATION, | |
| Plaintiff, | |
| vs. | |
| SWISSBIT AG; and SWISSBIT NA, INC., | |
| Defendants. | |
| E.DIGITAL CORPORATION, | |
| Plaintiff, | |
| vs. | |
| SEAGATE TECHNOLOGY LLC., | |
| Defendant. | |

On April 25, 2014, the Court held a scheduling conference. Anton N. Handal and Pamela Chalk appeared for Plaintiff e.Digital Corporation. Edward V. Anderson appeared for Defendant Corsair Memory, Inc. Robert R. Cleary appeared for Defendant Fusion-IO, Inc. Eric William Hagen appeared for Defendant Seagate Technology, LLC. Triet Nguyen appeared for Defendants Silicon Power Computer & Communications Inc. and Silicon Power Computer & Communications USA, Inc. Douglas A. Pettit appeared for Defendants Mushkin, Inc. and Other World Computing, Inc. Howard J. Yuan appeared for Defendant Patriot Memory. Andrew M. Riddles appeared for Defendants Swissbit AG and Swissbit NA, Inc. At the scheduling

13cv2892; 13cv2894; 13cv2896; 13cv2897; 13cv2899; 13cv2901; 13cv2914; 13cv2915; 13cv2916; 13cv2935; 13cv2937; 13cv2938; 13cv2946

- 3 -

conference, the parties agreed on the Court's proposed dates up to and including the date for the final pretrial conference. The Court issues the following scheduling order based on the scheduling conference:

    1.    **Disclosure of Asserted Claims and Infringement Contentions.**  On or before **June 9, 2014**, Plaintiffs must serve on Defendants a "Disclosure of Asserted Claims and Infringement Contentions." The "Disclosure of Asserted Claims and Infringement Contentions" must contain the following information:

    a.    Each claim of each patent in the suit that is allegedly infringed by Defendants;

    b.    Separately for each asserted claim, each of Defendants' accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of which the party is aware. This identification must be as specific as possible. Each product, device and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

    c.    A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

    d.    For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.

    e.    Whether each element of each asserted claim is claimed to be literally present and/or present under the doctrine of equivalents in the Accused Instrumentality;

- 4 -

13cv2892; 13cv2894; 13cv2896; 13cv2897; 13cv2899; 13cv2901;
13cv2914; 13cv2915; 13cv2916; 13cv2935; 13cv2937; 13cv2938;
13cv2946

f. For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled;

g. If a party claiming patent infringement asserts or wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim; and

h. If a party claiming patent infringement alleges willful infringement, the basis for such allegation.

2. **Document Production Accompanying Disclosure.** With the "Disclosure of Asserted Claims and Infringement Contentions," the party claiming patent infringement must produce to Defendants or make available for inspection and copying, the following documents in the possession, custody or control of that party:

a. Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required within these rules does not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

b. All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to Patent L.R. 3.1(f), whichever is earlier;

c. A copy of the file history for each patent in suit and each application to which a claim for priority is made under Patent L.R. 3.1(f);

d. Documents sufficient to evidence ownership of the patent rights by

- 5 -

13cv2892; 13cv2894; 13cv2896; 13cv2897; 13cv2899; 13cv2901;
13cv2914; 13cv2915; 13cv2916; 13cv2935; 13cv2937; 13cv2938;
13cv2946

the party asserting patent infringement; and

   e. If a party identifies instrumentalities pursuant to Patent L.R. 3.1(g), documents sufficient to show the operation of any aspects or elements of such instrumentalities the patent claimant relies upon as embodying any asserted claims.

 The producing party must separately identify by production number which documents correspond to each category. If the documents identified above are not in the possession, custody or control of the party charged with production, that party must use its best efforts to obtain all responsive documents and make a timely disclosure.

 3. Any motion to join other parties, to amend the pleadings, or to file additional pleadings must be filed on or before **July 24, 2014**.

 4. **Invalidity Contentions.** On or before **August 7, 2014**, Defendants must serve on all parties their "Invalidity Contentions" which must contain the following information:

   a. The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. This includes information about any alleged knowledge or use of the invention in this country prior to the date of invention of the patent. Each prior art patent must be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) must be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity that made the use or that made and received the offer, or the person or entity that made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) must be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) must be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

- 6 -

13cv2892; 13cv2894; 13cv2896; 13cv2897; 13cv2899; 13cv2901; 13cv2914; 13cv2915; 13cv2916; 13cv2935; 13cv2937; 13cv2938; 13cv2946

      b.    Whether each item of prior art anticipates each asserted claim or renders it obvious.  If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

      c.    A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function;

      d.    Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) of any of the asserted claims; and

      e.    Any grounds of invalidity based on lack of written description, lack of enabling disclosure, or failure to describe the best mode under 35 U.S.C. § 112(1).

5.    **Document Production Accompanying Invalidity Contentions.**  With the "Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying:

      a.    Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of any Accused Instrumentality identified by the patent claimant in its Patent L.R. 3.1(c) chart; and

      b.    A copy of each item of prior art identified pursuant to Patent L.R. 3.3(a) which does not appear in the file history of the patent(s) at issue.  To the extent any such item is not in English, the party opposing infringement must produce an English translation of the portion(s) relied upon.

6.    **Invalidity Contentions If No Claim Of Infringement.**  In all cases in which a party files a complaint or other pleading seeking a declaratory judgment that a patent is not infringed, is invalid, or is unenforceable, Patent L.R. 3.1 and 3.2 will not apply unless and until a party makes a claim for patent infringement.  If the Defendants do not assert a claim for patent infringement in answer to the complaint, no later than

- 7 -

13cv2892; 13cv2894; 13cv2896; 13cv2897; 13cv2899; 13cv2901; 13cv2914; 13cv2915; 13cv2916; 13cv2935; 13cv2937; 13cv2938; 13cv2946

**June 9, 2014**, the party seeking a declaratory judgment must serve upon each opposing party Invalidity Contentions that conform to Patent L.R. 3.3 and produce or make available for inspection and copying the documents described in Patent L.R. 3.4.

    7.    **Exchange of Preliminary Claim Construction and Extrinsic Evidence.**

    a.    On or before **August 21, 2014**, the parties will simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which the parties have identified for claim construction purposes. Each such "Preliminary Claim Constructions" will also, for each element which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) described in the specification corresponding to that element.

    b.    Simultaneously with exchange of the "Preliminary Claim Constructions," the parties must also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective claim constructions. The parties must identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties must also provide a brief description of the substance of that witness's proposed testimony.

    c.    On or before **September 4, 2014**, the parties will simultaneously exchange "Responsive Claim Constructions" identifying whether the responding party agrees with the other party's proposed construction, or identifying an alternate construction in the responding party's preliminary construction, or setting forth the responding party's alternate construction.

    d.    Simultaneous with exchange of the "Responsive Claim Constructions" pursuant to Patent L.R. 4.1(c), the parties must also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and

- 8 -

13cv2892; 13cv2894; 13cv2896; 13cv2897; 13cv2899; 13cv2901; 13cv2914; 13cv2915; 13cv2916; 13cv2935; 13cv2937; 13cv2938; 13cv2946

expert witnesses they contend support any responsive claim constructions. The parties must identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties must also provide a brief description of the substance of that witness's proposed testimony.

   e. The parties must thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction Chart, Worksheet and Hearing Statement.

  8. **Joint Claim Construction Chart, Worksheet, and Hearing Statement.** On or before **September 18, 2014**, the parties must complete and file a Joint Claim Construction Chart, Joint Claim Construction Worksheet, and Joint Hearing Statement.

   a. The Joint Hearing Statement must included an identification of the terms whose construction will be most significant to the resolution of the case up to a maximum of ten (10) terms. The parties must also identify any term among the ten (10) whose construction will be case or claim dispositive. If the parties cannot agree on the ten (10) most significant terms, the parties must identify ones which they do agree are most significant and then they may evenly divide the remainder with each party identifying what it believes are the remaining most significant terms. However, the total terms identified by all parties as most significant cannot exceed ten (10). For example, in a case involving two (2) parties if the parties agree upon the identification of five (5) terms as most significant, each may only identify two (2) additional terms as most significant; if the parties agree upon eight (8) such terms, each party may only identify only one (1) additional term as most significant.

   b. The Joint Claim Construction Chart must have a column listing complete language of disputed claims with the disputed terms in bold type and separate columns for each party's proposed construction of each disputed term. Each party's proposed construction of each disputed claim term, phrase, or clause, must identify all references from the specification or prosecution history that support that construction,

- 9 -

13cv2892; 13cv2894; 13cv2896; 13cv2897; 13cv2899; 13cv2901;
13cv2914; 13cv2915; 13cv2916; 13cv2935; 13cv2937; 13cv2938;
13cv2946

and identify any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses. For every claim with a disputed term, each party must identify with specificity the impact of the proposed constructions on the merits of the case.

   c. The parties' Joint Claim Construction Worksheet must be in the format set forth in Appendix A of the Patent L.R. and include any proposed constructions to which the parties agree, as well as those in dispute. The parties must jointly submit the Joint Claim Construction Worksheet to Judge Huff's e-file inbox in both Word and WordPerfect format or in such other format as the Court may direct.

   d. The Joint Hearing Statement must include:

    1. The anticipated length of time necessary for the Claim Construction Hearing;

    2. Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert; and

    3. The order of presentation at the Claim Construction Hearing.

   e. At the Court's discretion, within seven (7) days of the submission of the Joint Claim Construction Chart, Joint Claim Construction Worksheet and Joint Hearing Statement, the Court will hold a status conference with the parties, in person or by telephone, to discuss scheduling, witnesses and any other matters regarding the Claim Construction Hearing.

  9. **Amended and Final Contentions.**[1]

   a. As a matter of right, a party asserting infringement may serve

---

[1] This rule does not relieve any party from its obligations under Fed. R. Civ. P 26 to timely supplement disclosures and discovery responses.

- 10 -

13cv2892; 13cv2894; 13cv2896; 13cv2897; 13cv2899; 13cv2901;
13cv2914; 13cv2915; 13cv2916; 13cv2935; 13cv2937; 13cv2938;
13cv2946

Amended Infringement Contentions no later than the filing of the parties' Joint Claim Construction Chart, **September 18, 2014**. Thereafter, absent undue prejudice to the opposing party, a party asserting infringement may only amend its infringement contentions:

    1. If, not later than thirty (30) days after service of the court's Claim Construction Ruling, the party asserting infringement believes in good faith that amendment is necessitated by a claim construction that differs from that proposed by such party; or

    2. upon a timely motion showing good cause.

  b. As a matter of right, a party opposing a claim of patent infringement may serve "Amended Invalidity Contentions" no later than the completion of claim construction discovery, **October 16, 2014**. Thereafter, absent undue prejudice to the opposing party, a party opposing infringement may only amend its invalidity contentions:

    1. if a party claiming patent infringement has served "Amended Infringement Contentions," and the party opposing a claim of patent infringement believes in good faith that the Amended Infringement Contentions so require;

    2. if, not later than fifty (50) days after service of the Court's Claim Construction Ruling, the party opposing infringement believes in good faith that amendment is necessitated by a claim construction that differs from that proposed by such party; or

    3. upon a timely motion showing good cause.

10. **Completion of Claim Construction Discovery.** On **October 16, 2014**, the parties must complete all discovery, including depositions of any percipient or expert witnesses, that they intend to use in the Claim Construction Hearing. Federal Rule of Civil Procedure 30 applies to depositions taken pursuant to Patent L.R. 4.3, except as to experts. An expert witness identified in a party's Joint Hearing Statement pursuant to Patent L.R. 4.2(d) may be deposed on claim construction issues. The

- 11 -

13cv2892; 13cv2894; 13cv2896; 13cv2897; 13cv2899; 13cv2901; 13cv2914; 13cv2915; 13cv2916; 13cv2935; 13cv2937; 13cv2938; 13cv2946

identification of an expert witness in the Joint Hearing Statement may be deemed good cause for a further deposition on all substantive issues.

11. **Claim Construction Briefs.**

    a. On **October 30, 2014**, the parties will simultaneously file and serve opening briefs and any evidence supporting their claim construction.

    b. On **November 13, 2014**, the parties will simultaneously file and serve briefs responsive to the opposing party's opening brief and any evidence directly rebutting the supporting evidence contained in the opposing party's opening brief.

12. **Claim Construction Hearing.** On **Friday, December 12, 2014** at **9:00 a.m.**, the Honorable Marilyn L. Huff will conduct a Claim Construction Hearing in San Diego, CA.

13. **Advice of Counsel.** Not later than thirty (30) days after the filing of the Claim Construction Order, each party relying upon advice of counsel as part of a patent-related claim or defense for any reason must:

    a. Produce or make available for inspection and copying the opinion(s) and any other documentation relating to the opinion(s) as to which that party agrees the attorney-client or work product protection has been waived;

    b. Provide a written summary of any oral advice and produce or make available for inspection and copying that summary and documents related thereto for which the attorney-client and work product protection have been waived; and

    c. Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which the party is withholding on the grounds of attorney-client privilege or work product protection.

A party who does not comply with the requirements of Patent L.R. 3.7 will not be permitted to rely on advice of counsel for any purpose, absent a stipulation of all parties or by order of the court, which will be entered only upon showing of good cause.

- 12 -

13cv2892; 13cv2894; 13cv2896; 13cv2897; 13cv2899; 13cv2901; 13cv2914; 13cv2915; 13cv2916; 13cv2935; 13cv2937; 13cv2938; 13cv2946

14. On or before **December 22, 2014**, all parties must exchange with all other parties a list of all expert witnesses expected to be called at trial. The list must include the name, address, and telephone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify. The list must also include the normal rates the expert charges for deposition and trial testimony. The list must include non-retained testifying experts. On or before **January 6, 2015**, any party may supplement its designation in response to any other party's designation so long as that party has not previously retained an expert to testify on that subject.

15. Each expert witness designated by a party must prepare a written report to be provided to all other parties no later than **January 19, 2015** containing the information required by Fed. R. Civ. P. 26(a)(2)(A) and (B). Except as provided in paragraph 16 below, any party that fails to make these disclosures must not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37.

16. Any party, through any expert designated, must in accordance with Fed. R. Civ. P. 26(a)(2)(D) and Fed. R. Civ. P. 26(e)(2), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party. Any such supplemental reports are due on or before **February 16, 2015**.

17. All fact discovery must be completed on or before **January 23, 2015**. All expert discovery must be completed on or before **March 13, 2015**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure.

18. All motions, including motions addressing <u>Daubert</u> issues but excluding earlier motions to amend or join parties and later motions in limine, must be filed to be

- 13 -

13cv2892; 13cv2894; 13cv2896; 13cv2897; 13cv2899; 13cv2901;
13cv2914; 13cv2915; 13cv2916; 13cv2935; 13cv2937; 13cv2938;
13cv2946

1  heard on or before **April 6, 2015**.  Motions will not be heard or calendared unless
2  counsel for the moving party has obtained a motion hearing date from the law clerk of
3  the judge who will hear the motion.  Be advised that the parties must file their moving
4  papers within 24 hours of receiving the motion hearing date from the Court.  Failure
5  to timely request a motion date may result in the motion not being heard.  Motions will
6  not be heard unless you have obtained a date from the judge's law clerk.

7  Briefs or memoranda in support of or in opposition to any pending motion must
8  not exceed twenty-five (25) pages in length without permission of the judge who will
9  hear the motion.  No reply memorandum may exceed ten (10) pages without leave of
10 the judge who will hear the motion.

11 19.  The parties must conduct a settlement conference in accordance with
12 Patent L.R. 2.1(c). The parties must contact the magistrate judge assigned to this case
13 to arrange a date for the settlement conference.

14 20.  Counsel must file their Memoranda of Contentions of Fact and Law in
15 compliance with Civ. L.R. 16.1(f)(2) on or before **May 11, 2015.**

16 21.  Counsel must comply with the pre-trial disclosure requirements of Federal
17 Rule of Civil Procedure 26(a)(3) on or before **May 11, 2015.**  Failure to comply with
18 these disclosure requirements could result in evidence preclusion or other sanctions
19 under Federal Rule of Civil Procedure 37.

20 22.  Counsel must meet together and take the action required by Civ. L.R.
21 16.1(f)(4) on or before **May 18, 2015**. At this meeting, counsel must discuss and
22 attempt to enter into stipulations and agreements resulting in simplification of the
23 triable issues. Counsel must exchange copies and/or display all exhibits other than
24 those to be used for impeachment. The exhibits must be prepared in accordance with
25 Civ. L.R. 16.1(f)(4)(c). Counsel will note any objections they have to any other parties'
26 Pretrial Disclosures under FRCP 26(a)(3). Counsel will cooperate in the preparation
27 of the proposed pretrial conference order.

28 23.  Counsel for Plaintiffs will be responsible for preparing the proposed

- 14 -

13cv2892; 13cv2894; 13cv2896; 13cv2897; 13cv2899; 13cv2901;
13cv2914; 13cv2915; 13cv2916; 13cv2935; 13cv2937; 13cv2938;
13cv2946

1 pretrial order in accordance with Civ. L.R. 16.1(f)(6)(a). On or before **May 25, 2015**
2 Plaintiffs' counsel must provide opposing counsel with the proposed pretrial order for
3 review and approval. Opposing counsel must communicate promptly with Plaintiffs'
4 attorney concerning any objections to form or content of the pretrial order, and both
5 parties must attempt promptly to resolve their differences, if any, concerning the order.

6   24.   The Proposed Final Pretrial Conference Order, including objections to any
7 other parties' Federal Rule of Civil Procedure 26(a)(3) Pretrial Disclosures must be
8 served and emailed to the District Judge's e-file inbox on or before **June 1, 2015** in
9 accordance with Civ. L.R. 16.1(f)(6).

10   25.   The final pretrial conference and motion in limine hearing will be held
11 before the Honorable Marilyn L. Huff, United States District Court Judge, on **June 8,**
12 **2015** at **10:30 a.m**. All motions in limine must be filed so that they may be heard on
13 or before that date.

14   26.   The Court will issue a separate order scheduling the trial and trial-related
15 procedures.

16   27.   The dates and times set forth herein will not be modified except for good
17 cause shown.

18   **IT IS SO ORDERED**.
19 DATED: April 25, 2014

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

- 15 -

13cv2892; 13cv2894; 13cv2896; 13cv2897; 13cv2899; 13cv2901;
13cv2914; 13cv2915; 13cv2916; 13cv2935; 13cv2937; 13cv2938;
13cv2946